STATE OF NORTH CAROLINA v. FRANKLIN McIVER MOORE.

(Filed 28 February, 1968.)

**1. Criminal Law § 101—**

    The fact that during trial a juror stated that he was ready to go home does not warrant a new trial.

**2. Same—**

    The mere fact that an officer, who was a State's witness, opens the door for a lady juror to enter the courtroom does not warrant a mistrial.

**3. Criminal Law § 126—**

    Motion by defendant to poll the jury is properly denied when the motion is made after the jury has been discharged.

APPEAL by defendant from *Hobgood, J.,* June, 1967 Session, SCOTLAND Superior Court.

The defendant, Franklin McIver Moore, was tried by jury in the Recorder's Court of Scotland County upon a warrant which charged that on August 27, 1966 he operated a motor vehicle upon the public highway while under the influence of intoxicating liquor. The jury returned a verdict of guilty. From the Recorder's judgment on the verdict, the defendant appealed to the Superior Court.

In the Superior Court the defendant entered a plea of not guilty. After the evidence was completed, defense counsel moved for a mistrial on two grounds: (1) A juror in the case had stated he had made up his mind and "he was ready to go home"; (2) Another juror had been talking to an officer who had testified as a State's witness. After the jury had returned a verdict of guilty, and before judgment, the Court examined the two jurors with respect to the complaint lodged by defense counsel. One of the jurors admitted he had stated to a companion juror "I am ready to go home"; that he had said nothing more. The other juror said she had not spoken to the officer. The officer testified that he was near when a lady juror came to the door and that he opened it for her to enter the courtroom. Nothing more was made to appear. The Court denied the motion for a mistrial.

Counsel for the defendant requested the Court that the jury be polled. He contends this request was made at the time or shortly after the verdict was rendered and while the jury was still in the box. The record clearly indicates, however, the motion for the poll came after the verdict was returned, accepted by the Court, and the jury had left the box. The Court denied the motion to have the jury polled upon the ground the request came too late.

The Court entered judgment that the defendant be confined in

common jail for 90 days, and suspended the judgment upon condition the defendant pay a fine of $100 and costs, and deliver his operator's license to the Clerk. The defendant excepted and appealed.

*T. W. Bruton, Attorney General; Millard R. Rich, Jr., Assistant Attorney General, for the State.*
*Bumpass, Belcher & Avant by George L. Bumpass, Nathaniel L. Belcher and Barry M. Storick.*

PER CURIAM. The evidence was ample to go to the jury and sustain the verdict of guilty. The verdict is sufficient to support the judgment imposed. The Court examined the jurors whose conduct was questioned by the defense counsel, and ascertained that during some stage of the trial one of the jurors had stated he was ready to go home. Whether the conduct of the prosecution or the defense was the more boring to the juror, or the two sides were equally so, does not appear. Some jurors, especially businessmen, consider court proceedings more cumbersome and wasteful of time than ought to be the case and become impatient at the lack of dispatch in transacting the court's business. A juror is not disqualified because he prefers to be at home. Likewise, the mere fact that an officer, who has testified for the State, opens the door for a lady juror to enter is not sufficient to upset a trial. These matters were inquired into by the trial judge and determined in the exercise of his discretion. Clearly the request that the jury be polled came after the jury had left the box and was no longer the empaneled jury in the case. Judge Hobgood did not commit error in holding the request for the poll came too late.

No error.